[No. S050827. Jan. 9, 1997.]

DAVID JOHN GARCIA, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Brian Ducker, Alternate Public Defender, and Kevin J. Phillips, Deputy Alternate Public Defender, for Petitioner.

Jay B. Gaskill, Public Defender (Alameda) and Michael Ogul, Assistant Public Defender, as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Michael R. Capizzi, District Attorney, Maurice L. Evans, Chief Assistant District Attorney, and James J. Mulgrew, Deputy District Attorney, for Real Party in Interest.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Lance E. Winters, Deputy Attorneys General, Gil Garcetti,

District Attorney (Los Angeles), George M. Palmer and Dirk L. Hudson, Deputy District Atttorneys, Kent S. Scheidegger and Traci L. Huahn as Amici Curiae on behalf of Real Party in Interest.

---

OPINION

GEORGE, C. J.—In the present case, we must determine whether a criminal defendant who faces enhanced punishment on pending charges because of a prior conviction may challenge the constitutional validity of that prior conviction in the course of the current prosecution on the ground of ineffective assistance of counsel in the prior proceeding. In *Custis* v. *United States* (1994) 511 U.S. 485 [128 L.Ed.2d 517, 114 S.Ct. 1732], the United States Supreme Court held that, under the applicable federal sentencing statutes, a criminal defendant may challenge the constitutional validity of a prior conviction in a federal sentencing proceeding only on the ground that the defendant was denied his or her fundamental right to be represented by counsel in the prior proceeding in violation of the landmark decision in *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], and not on the ground that, although the defendant was represented by counsel, that counsel had not provided constitutionally effective assistance. Real party in interest (the People) maintains that a similar limitation upon a defendant's right to challenge the validity of a prior conviction should be adopted as a matter of California law, and argues that the trial court in the present case acted properly in refusing to entertain petitioner's challenge to a prior conviction allegation based upon the claim that petitioner's counsel in the earlier proceeding had provided constitutionally ineffective representation.

For the reasons discussed below, we conclude that a criminal defendant may not challenge a prior conviction on the ground of ineffective assistance of counsel in the course of a current prosecution for a noncapital offense. Compelling a trial court in a current prosecution to adjudicate this type of challenge to a prior conviction generally would require the court to review the entirety of the record of the earlier criminal proceedings, as well as matters outside the record, imposing an intolerable burden upon the orderly administration of the criminal justice system.

Accordingly, we conclude that the trial court properly refused to entertain petitioner's motion seeking to strike a prior conviction allegation on the ground of ineffective assistance of counsel in the prior proceeding, and that the Court of Appeal erred in directing the trial court to entertain the motion. We conclude therefore that the judgment of the Court of Appeal should be reversed.

I

By information, petitioner David John Garcia was charged with possession of heroin (Health & Saf. Code, § 11350, subd. (a)), with the allegation that he had suffered two prior serious felony convictions (for residential burglary; Pen. Code, § 459[1]) within the meaning of section 667, subdivision (d), and had served two prior prison terms within the meaning of section 667.5, subdivision (b). In the Orange County Superior Court, petitioner filed a pretrial motion to strike one of the alleged prior convictions (rendered in 1990 in Orange County), on the ground that this prior conviction was constitutionally invalid because it was based upon a guilty plea entered as a result of petitioner's having received ineffective assistance of counsel.

The petition further alleged the following circumstances pertaining to the prior conviction. In 1989, petitioner and an alleged accomplice (Ernest Rodriguez) were charged with residential burglary and receiving stolen property. Following the preliminary hearing, petitioner and Rodriguez were held to answer to the charges. In the superior court, petitioner, represented by Attorney Jerome Goldfein, pled guilty as charged and was sentenced to a prison term of seven years—two years for the burglary conviction, enhanced by an additional five years for a prior serious felony conviction (§ 667, subd. (a)). The petition further alleged that petitioner would not have pled guilty had he received competent advice from his counsel.

In his supporting declaration, petitioner alleged that the following circumstances preceded his plea of guilty: "[¶] I explained to my attorney that I did not enter the apartment that was alleged to have been burglarized, nor did I know that Mr. Rodriguez had. I was merely a passenger in Mr. Rodriguez's Hyundai after the alleged event occurred. [¶] Both before and after my preliminary hearing, Mr. Goldfein constantly told me that I had no issues for trial, and that the jury would convict me. He further told me that because of my record, if I was convicted, I would receive thirteen years in state prison. [¶] After we arrived in Superior Court, Mr. Goldfein further advised me that the offer was seven years on my case, and that I had better take it, for if I did not, I would receive the thirteen years. Because of his advi[c]e, and my fear of getting thirteen years, I agreed to plead guilty. [¶] Mr. Goldfein never explained to me that a jury could convict me of the receiving stolen property charge, while acquit me of the burglary charge. He also did not tell me what my maximum would have been if the jury did in fact do that, nor the difference in effect a 496.1 prior would have on my record instead of a 459. [¶] Mr. Goldfein never advised me I could run a 995 on the preliminary hearing. [¶] Mr. Goldfein never told me that if I lost my trial, the court had

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

discretion to sentence me to anywhere from seven years to thirteen years, but rather told me I would get all thirteen. [¶] Had I been aware of the above options in my case, particularly the issue of my being convicted of a lesser charge, I would not have pled guilty. The factual basis to which I pled is in fact not true, and I only signed the form because of the constant threats by Mr. Goldfein that I would receive thirteen years."

Petitioner's motion to strike was unsupported by any declaration of petitioner's former counsel (Goldfein) or any other additional supporting evidentiary material. As authority for his motion to strike, petitioner cited *People* v. *Coffey* (1967) 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457, 430 P.2d 15] and *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904], decisions that established a procedure in California criminal proceedings for challenging the constitutional validity of a prior conviction that the prosecution seeks to use against a defendant in a subsequent case.

In its opposition to the motion to strike, the People asserted that under the then recent decision of the United States Supreme Court in *Custis* v. *United States, supra,* 511 U.S. 485 [128 L.Ed.2d 517, 114 S.Ct. 1732], the trial court was not required to entertain petitioner's challenge to the constitutional validity of the disputed prior conviction on any ground other than the complete denial of counsel. The People additionally argued that if petitioner's motion were to proceed to an evidentiary hearing, in order to prevail on his claim of ineffective assistance of counsel petitioner would be required to establish that he was unaware of the consequences of his plea and of the possible defenses—a showing that would be particularly problematic because petitioner had signed a form under penalty of perjury that he understood the consequences of his plea as well as possible defenses, and because he also would be required to establish that, had he received competent advice, he would have proceeded to trial and risked a potentially lengthy prison term.

The trial court determined that, under the principles stated and rule established in *Custis,* petitioner was not entitled under federal law to raise a constitutional challenge by way of a motion to strike, other than one based upon *Gideon* error, and further concluded there was no independent state constitutional basis that would require the court to entertain petitioner's challenge to the validity of the prior conviction. Without ruling on the merits, the court denied the motion.

Petitioner filed a petition for writ of mandate (and request for stay of trial) in the Court of Appeal, seeking to set aside the trial court's order denying his motion to strike the prior conviction. Trial proceedings were stayed, and

following briefing and oral argument the Court of Appeal granted the petition, directing the trial court to vacate its order denying petitioner's motion and to determine whether the matter should be set for an evidentiary hearing. The appellate court concluded that because the procedures for challenging the validity of a prior conviction in a current prosecution, set forth in *People* v. *Coffey, supra,* 67 Cal.2d 204, and *People* v. *Sumstine, supra,* 36 Cal.3d 909, were premised upon our "supervisory authority over state criminal procedure" rather than upon the federal Constitution, they were not invalidated by the *Custis* decision. The court further concluded that under the *Coffey* and *Sumstine* line of decisions, a defendant may challenge the prior conviction on the ground it was obtained in violation of any constitutional right, including the ground of ineffective assistance of counsel.

The People sought review of the decision of the Court of Appeal. We granted review to determine whether, in a current prosecution of a noncapital offense, a defendant properly may challenge a prior conviction (by the motion-to-strike procedure established in *Coffey*) on the ground of ineffectiveness of counsel in the prior proceeding.

## II

■ "In numerous instances under provisions of California law, a criminal conviction may give rise to a variety of collateral consequences. Perhaps the most common context is the use of prior convictions to increase the term (or impose other penal sanctions, such as ineligibility for probation) in the event the defendant is convicted of a subsequent offense. [Citation.]" (*Larsen* v. *Department of Motor Vehicles* (1995) 12 Cal.4th 278, 283 [48 Cal.Rptr.2d 151, 906 P.2d 1306].) It is well recognized, however, that a prior conviction that has been determined to be constitutionally invalid may not be used to enhance the punishment for a subsequent offense. (*Burgett* v. *Texas* (1967) 389 U.S. 109, 115 [19 L.Ed.2d 319, 324-325, 88 S.Ct. 258]; *Larsen* v. *Department of Motor Vehicles, supra,* 12 Cal.4th at p. 283; *People* v. *Sumstine, supra,* 36 Cal.3d at pp. 918-919; see Note, *More than a Question of Forum: The Use of Constitutional Convictions to Enhance Sentences Following Custis* v. *United States* (1995) 47 Stan. L.Rev. 1323 [the validity of the justifications for sentence enhancement depends upon the prior conviction's reliability].) Past cases uniformly have assumed that where a defendant successfully has demonstrated the constitutional invalidity of a prior conviction and has had it set aside, the Legislature did not intend that he or she would be subject to increased punishment for a subsequent offense on the basis of that prior conviction. (See *Larsen* v. *Department of Motor Vehicles, supra,* 12 Cal.4th at p. 287 (*Larsen*).)

As we recognized in *Larsen, supra,* 12 Cal.4th at page 283, however, the Legislature has not enacted a generally applicable statute authorizing or prescribing the procedure by which an individual may raise a collateral challenge to the constitutional validity of a prior conviction. Rather, in the criminal context, the courts of this state have fashioned procedures for challenging the constitutional validity of a prior conviction that the state seeks to employ against a defendant in the prosecution of a subsequent offense.[2]

In *People* v. *Coffey, supra,* 67 Cal.2d 204, we held that a defendant could raise a collateral challenge to the constitutional validity of an uncounseled prior conviction by a pretrial motion to strike the prior at the trial of a subsequent offense. Citing *Gideon* v. *Wainwright, supra,* 372 U.S. 335, the court in *Coffey* determined that it was "clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity." (*People* v. *Coffey, supra,* 67 Cal.2d at p. 215.) The court held that a clear allegation to the effect that, in the proceedings leading to the prior conviction under attack, the defendant " '*neither was represented by counsel nor waived the right to be so represented,*' " would require the trial court to hold an evidentiary hearing and to determine the constitutional claim. (*Ibid.,* original italics.)[3]

Prior to the high court's decision in *Custis* v. *United States, supra,* 511 U.S. 485 [128 L.Ed.2d 517, 114 S.Ct. 1732], this court did not face directly, or grapple with, the issue of the administrative burden—or other consequences—that would result were the motion-to-strike procedure, established in *Coffey,* to be extended to encompass a challenge to a prior conviction that rests upon a claim of constitutionally ineffective assistance of counsel.[4]

In *Custis* v. *United States, supra,* 511 U.S. 485 [128 L.Ed.2d 517, 114 S.Ct. 1732], the United States Supreme Court narrowly restricted the

---

[2]Vehicle Code section 41403, formerly Vehicle Code section 23102.2 (Stats. 1973, ch. 1128, § 4, p. 2296), sets forth a procedure for raising challenges to the constitutional validity of prior convictions based upon specified provisions of the Vehicle Code.

[3]Following this court's decision in *Coffey,* the United States Supreme Court held that prior convictions invalid under *Gideon* could not be employed to increase the defendant's punishment for a subsequent offense. (*Burgett* v. *Texas, supra,* 389 U.S. 109, 115 [19 L.Ed.2d 319, 324-325]; *United States* v. *Tucker* (1972) 404 U.S. 443, 447-449 [30 L.Ed.2d 592, 596-598, 92 S.Ct. 589].)

[4]In *People* v. *Coleman* (1969) 71 Cal.2d 1159, 1169 [80 Cal.Rptr. 920, 459 P.2d 248], the court reversed in its entirety a judgment of conviction and sentence of death, remanding the case for retrial. With respect to the defendant's claim, raised in a companion habeas corpus petition, challenging the validity of a prior conviction on the ground of ineffective assistance of counsel, the court very briefly noted that this claim could be raised on retrial by way of the motion-to-strike procedure established by *Coffey,* thereby obviating the need for the court to

grounds upon which a defendant collaterally may attack the validity of a prior conviction in the course of a federal sentencing proceeding. We described the *Custis* decision in *People* v. *Horton, supra,* 11 Cal.4th 1068, as follows: "In that case, Custis was charged with federal drug and firearm offenses. In federal district court, after Custis was convicted of one of the charges as well as a lesser included offense of another charge, the prosecutor sought to enhance his sentence under 18 United States Code section 924(e)(1) by relying upon three prior state felony convictions. Custis challenged the use of two of the prior convictions in the enhancement proceeding on the grounds they were obtained in violation of *Boykin* and of his right to the effective assistance of counsel.

"The high court affirmed the rulings of the district court and the United States Court of Appeals for the Fourth Circuit, both of which had denied relief to Custis, the high court holding that the federal statute upon which Custis had based his challenge did not authorize collateral attacks upon prior convictions. Custis argued that, even if the statute did not authorize collateral attacks, the federal Constitution required that he be afforded some means in the sentence enhancement proceeding by which he could challenge the validity of his prior convictions.

"The United States Supreme Court disagreed, holding that as a matter of federal law 'a defendant has no such right . . . to collaterally attack prior convictions,' with the sole exception of convictions obtained in violation of the right to appointed counsel established in *Gideon.* [Citation.] The court based this limitation in part upon the historical basis (in its jurisprudence pertaining to collateral attacks) for treating the failure to appoint counsel for an indigent defendant as a unique constitutional defect, attributing a jurisdictional significance to the failure to appoint counsel at all. [Citation.]" (*People* v. *Horton, supra,* 11 Cal.4th at p. 1133.)

▮ Of particular relevance to the issue presented for our determination in the case at bar is the emphasis placed by the high court in *Custis* upon another factor that distinguishes *Gideon* error and other constitutional violations in this context: "Ease of administration also supports the distinction.

---

determine this claim in conjunction with the appeal that was then before the court. The court in *Coleman,* however, did not discuss any of the practical considerations or problems that might be raised by permitting the routine use of motions to strike to challenge the validity of prior convictions on the ground of ineffective assistance of counsel. Moreover, *Coleman* was a capital case, and thus involved considerations significantly different from those applicable in a noncapital case. (See *People* v. *Horton* (1995) 11 Cal.4th 1068, 1139 [47 Cal.Rptr.2d 516, 906 P.2d 478], discussed in more detail, *post.*)

As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States. [¶] The interest in promoting the finality of judgments provides additional support for our constitutional conclusion. As we have explained, '[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice. [Citation.] We later noted . . . that principles of finality associated with habeas corpus actions apply with at least equal force when a defendant seeks to attack a previous conviction used for sentencing. By challenging the previous conviction, the defendant is asking a district court 'to deprive [the] [state court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgmen[t].' [Citation.] These principles bear extra weight in cases in which the prior convictions, such as the one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attack has special force.' " (*Custis* v. *United States*, *supra*, 511 U.S. at pp. 496-497 [128 L.Ed.2d at pp. 528-529, 114 S.Ct. at p. 1738].)

The high court accordingly concluded that neither the applicable federal statute nor the federal Constitution required that Custis be permitted to employ the federal sentencing forum as a means of gaining review of his state convictions. The court explicitly recognized, however, that Custis could attack his state sentences in the states in which they had been rendered or by federal habeas corpus review, and, if there successful, he then could apply to reopen any federal sentence enhanced by the state convictions. (*Custis* v. *United States*, *supra*, 511 U.S. at p. 497 [128 L.Ed.2d at p. 529, 114 S.Ct. at p. 1738].)

■ Recently, in *People* v. *Horton*, *supra*, 11 Cal.4th 1068, we held that, notwithstanding the holding in *Custis*, a defendant charged with a *capital* offense may challenge the validity of a prior conviction alleged as the basis of a special circumstance that would render the defendant eligible for the death penalty, on the ground of a fundamental constitutional defect other than *Gideon* error. We distinguished the holding in *Custis* on the ground that *Custis* did not involve a capital proceeding and, accordingly, that this decision did not consider the "special emphasis upon the need for reliability

in the capital context." (11 Cal.4th at p. 1134.) Relying upon the decision in *Johnson* v. *Mississippi* (1988) 486 U.S. 578 [100 L.Ed.2d 575, 108 S.Ct. 1981], we held that "the special need for reliability in the death penalty context is undermined whenever a prior conviction (upon which a death penalty judgment is based) is tainted by a fatal fundamental constitutional defect." (11 Cal.4th at p. 1135.)

 It is clear in a noncapital context, however, that under *Custis* a defendant has no right under the federal Constitution to challenge the constitutional validity of a prior conviction in proceedings involving a subsequent offense, except upon the ground of *Gideon* error. (See *Partee* v. *Hopkins* (8th Cir. 1994) 30 F.3d 1011, 1012 [following *Custis*, "there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant"].) Accordingly, in the case at bar, petitioner has no federal constitutional right to challenge his prior conviction on ineffectiveness-of-counsel grounds.

Petitioner does not maintain that any provision of the state Constitution entitles him to employ the trial of a current offense as a forum for this purpose. Although this court has not determined previously the specific issue whether the state Constitution requires a trial court to entertain a motion to strike a prior-conviction allegation on constitutional grounds other than *Gideon* error, our previous decisions authorizing such motions to strike have not been based upon state constitutional grounds. In *Coffey*, the court established the motion-to-strike procedure as a vehicle for challenging the constitutional validity of a prior conviction (in the trial of a current offense), based upon considerations of efficient judicial administration (67 Cal.2d at p. 215) rather than any provision of the state Constitution. The court in *Coffey* thus relied upon practical considerations similar to the factor of ease of administration that supported the high court's decision in *Custis*.

 Nothing in the language of our state Constitution, or in our past decisions construing its provisions, presents a "cogent reason" for us to reach an interpretation of our state constitutional requirements different from that under the federal Constitution, as determined in *Custis*. (See *Raven* v. *Deukmejian* (1990) 52 Cal.3d 336, 353 [276 Cal.Rptr. 326, 801 P.2d 1077] [" 'cogent reasons must exist before a state court in construing a provision of the state Constitution will depart from the construction placed by the Supreme Court of the United States on a similar provision in the federal Constitution' "].)

██ Petitioner seeks to rely upon broad language in *People* v. *Sumstine, supra,* 36 Cal.3d 909, suggesting that the motion-to-strike procedure established in *Coffey* is available to challenge the validity of a prior conviction based upon *any* constitutional ground (*People* v. *Sumstine, supra,* 36 Cal.3d at pp. 918-919). Petitioner's reliance is misplaced. Although, in dictum, the court in *Sumstine* cited *People* v. *Coleman, supra,* 71 Cal.2d 1159, to indicate that the motion-to-strike procedure established in *Coffey* had not always been limited to easily resolved constitutional claims, the court in *Sumstine* was not faced with a challenge to a prior conviction based upon the ground of ineffective assistance of counsel; thus the decision in *Sumstine* had no occasion to, and did not, determine specifically that a defendant properly could employ such a motion to strike to raise an ineffective-assistance-of-counsel claim.

Having concluded that neither the federal nor the state Constitution, nor *People* v. *Sumstine, supra,* 36 Cal.3d 909, entitles petitioner to employ the procedures established in *Coffey* to challenge a prior conviction on ineffectiveness-of-counsel grounds, we must determine whether, as urged by petitioner and amici curiae, the interest of efficient judicial administration, or some other policy consideration, supports a judicially established rule of procedure permitting a defendant who faces greater punishment for a current offense because of a prior conviction to challenge the validity of that prior on the ground that he or she was denied the effective assistance of counsel in the earlier proceeding.

In *Coffey,* the court found that the interest of efficient judicial administration supported the motion-to-strike procedure employed in that case, where the alleged constitutional defect was *Gideon* error—a type of error that, as explained in *Custis,* generally may be readily determined with minimum disruption of the proceedings involved in the current offense.

We conclude that the effective administration of criminal justice would not be furthered, but rather would face serious disruption, if—in the course of the proceedings related to a current offense—the trial court were required to entertain and adjudicate an attack on the validity of a challenged prior conviction based upon a claim of ineffective assistance of counsel. Policy considerations similar to those that led the United States Supreme Court in *Custis* to restrict narrowly the basis for collateral attacks in a federal sentencing proceeding justify precluding a claim of ineffectiveness of counsel in the prior proceeding as a ground that will support a motion to strike. Past decisions have recognized that claims of incompetence of counsel generally cannot be resolved based upon the appellate record—because the

record alone will not shed light on the existence or nonexistence of a tactical basis for a defense attorney's course of conduct—and therefore more appropriately should be resolved on habeas corpus. (*People* v. *Wilson* (1992) 3 Cal.4th 926, 936 [13 Cal.Rptr.2d 259, 838 P.2d 1212]; *People* v. *Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Such a claim often will necessitate a factual investigation with regard to counsel's actions, omissions, and strategic decisions, requiring the parties and the court to reconstruct events possibly remote in time, and to scour potentially voluminous records, substantially delaying the proceedings related to the current offense. Conducting evidentiary hearings on these types of claims also would protract substantially the proceedings on the current offense.

This potential for the disruption and protraction of the processing of criminal cases was noted in Justice Baxter's concurring and dissenting opinion in *People* v. *Horton*, *supra*, 11 Cal.4th 1068. Although, as discussed *ante*, a majority of the court concluded in *Horton* that special considerations, related to the unique nature of the death penalty and capital proceedings, supported the defendant's claim in that case, we believe that a number of points made in Justice Baxter's separate opinion in *Horton* have particular force in considering the general issue presented in the case at bar. Justice Baxter observed: "The danger arises that each charged prior would thus become the basis for its own mini-appeal, in which every arguable misstep in the prior case could be asserted as 'constitutional' error. [¶] Carried to its logical end, such a rule would require . . . the full examination of trial records in cases from any state or federal jurisdiction, long past and long final for all other purposes. Claims of 'constitutionally' ineffective assistance might further require the taking of new evidence at far-flung locations, decades after witnesses have died and memories faded. The current trial would have to be postponed while the accused was given the chance to assemble evidence against his prior convictions. The delays and difficulties inherent in such a system would seriously undermine the orderly administration of justice and would jeopardize the numerous provisions which enhance punishment for recidivism." (11 Cal.4th at p. 1143 (conc. and dis. opn. of Baxter, J.).)[5]

---

[5]Our review of out-of-state authorities reveals that, based upon similar concerns, legislators and courts in a number of sister state jurisdictions, both prior to and subsequent to the *Custis* decision, have established rules and procedures limiting, or barring outright, a defendant's ability to employ *a sentencing proceeding* for a subsequent offense as a forum for a collateral challenge extending beyond alleged *Gideon* error. (See, e.g., *State* v. *Natoli* (1988) 158 Ariz. 525 [764 P.2d 10]; *McGuire* v. *Com.* (Ky. 1994) 885 S.W.2d 931; *People* v. *Carpentier* (1994) 446 Mich. 19 [521 N.W.2d 195]; *State* v. *Otto* (Minn.Ct.App. 1990) 451 N.W.2d 659; *State* v. *LeGrand* (1995) 249 Neb. 1 [541 N.W.2d 380, 385] ["[a] defendant cannot collaterally attack

Based upon all of the foregoing considerations, we conclude that, in a current prosecution for a noncapital offense, the interest of judicial efficiency does not justify a rule of criminal procedure requiring that trial courts entertain motions to strike based upon the constitutional ground of ineffective assistance of counsel.

In reaching this conclusion, we need not, and therefore do not, determine the remedies, if any, that may be available to a defendant who seeks to challenge a prior conviction in a court of appropriate jurisdiction in order to prevent the use of the conviction to increase the punishment for a subsequent offense, or the circumstances that would permit, or the limitations that would apply to, a claim of ineffectiveness of counsel raised in a court of appropriate jurisdiction. If a defendant successfully challenges a prior conviction in such a jurisdiction, and that conviction is vacated or set aside, however, the conviction no longer constitutes a proper basis for increased punishment for a subsequent offense under a recidivist offender sentencing statute. A defendant accordingly may obtain a reduction of a sentence that was imposed on the basis of that prior invalid conviction. (See *Larsen, supra*, 12 Cal.4th 278, 284-287.)

In sum, we conclude that a defendant whose sentence for a noncapital offense is subject to enhancement because of a prior conviction may not employ the current prosecution as a forum for challenging the validity of the prior conviction based upon alleged ineffective assistance of counsel in the prior proceeding.[6]

## III

Because petitioner's motion to strike the allegation that he suffered a prior conviction was based on a claim that he was denied the effective assistance of counsel in the earlier proceedings that led to his guilty plea, we conclude that petitioner was not entitled to raise this constitutional attack upon his prior conviction by way of a motion to strike in the current proceeding. Accordingly, the trial court properly refused to entertain the motion to strike.

---

*a prior conviction in an enhancement proceeding*"]; *Phillips* v. *State* (Miss. 1982) 421 So.2d 476, 481-482.)

[6]To the extent they are inconsistent with our conclusion, the decision in *People* v. *Coleman, supra*, 71 Cal.2d 1159, is overruled, and the decisions in *Lucas* v. *Superior Court* (1988) 201 Cal.App.3d 149, 152 [247 Cal.Rptr. 59] and *People* v. *Amaya* (1986) 180 Cal.App.3d 1, 6 [225 Cal.Rptr. 313] are disapproved.

## IV

The judgment of the Court of Appeal, granting the writ relief sought by petitioner, is reversed.

Mosk, J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

Petitioner's application for a rehearing was denied March 12, 1997.