[No. B103412. Second Dist., Div. Three. Sept. 29, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
CRAIG ANTHONY DAVIS, Defendant and Respondent.

**COUNSEL**

Gil Garcetti, District Attorney, Diana L. Summerhayes and Diana M. Teran, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Sylvia Patton and Paula Montez, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**KLEIN, P. J.**—The People appeal from the judgment after Craig Anthony Davis pled guilty to residential burglary and admitted a prior serious felony conviction (Pen. Code, §§ 459, 667, subds. (a)-(i)).[1] Davis was sentenced to a 12-year prison term. The People contend the trial court erred by collaterally striking a second prior felony conviction allegation and by failing to impose an additional five-year term for the remaining prior under section 667, subdivision (a).

BACKGROUND

The current charges arose out of the following incident.[2] On July 5, 1995, Ninous Badal, a deputy sheriff assigned to the Altadena Sheriff's station,

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

[2]This summary is taken from evidence presented at the preliminary hearing.

and his partner responded to a call of a burglary in progress. They contacted the informant, who said he had heard a window breaking and pointed out the house. The officers approached the house and found a broken window. Badal was covering the front of the house when Davis walked out the front door. Davis was detained. Upon entering the house, the officers found a duffel bag on the dining room floor. Russell Hope, the homeowner, had not given anyone permission to enter his house, and said there had been no broken windows when he left the house earlier that day. Hope identified a computer, cameras and other items inside the duffel bag as his property.

Davis was charged by information with first degree burglary. The information further alleged he had suffered two prior robbery convictions (§ 667, subds. (a)-(i))[3] and two prior prison terms (§ 667.5) arising out of two drug offenses. Davis moved to strike the prior conviction allegations on the ground of ineffective assistance of counsel. Following a hearing, at which Davis's former trial counsel testified, the trial court struck one of the prior robbery convictions. Davis then pled guilty to the residential burglary charge and admitted the remaining prior conviction allegation. The trial court selected the aggravated term of six years for the burglary, which it doubled as a second strike under the "Three Strikes" law, for a total prison term of twelve years.

Davis's guilty plea was made contingent on the outcome of this appeal.[4] Thus, if the trial court erred when it struck the robbery prior, this case will be remanded to the trial court and Davis will be entitled to withdraw both his plea of guilty to the current burglary and his admission of the second robbery prior.

## DISCUSSION

1. *A defendant may not collaterally challenge prior conviction on grounds of ineffective assistance of counsel.*

The People contend the trial court erred by striking one of the two prior robbery conviction allegations because the recently decided case of *Garcia* v. *Superior Court* (1997) 14 Cal.4th 953, 956 [59 Cal.Rptr.2d 858, 928 P.2d 572], held ". . . a criminal defendant may not challenge a prior

---

[3]Only one of the robbery priors was charged as a prior serious felony conviction under section 667, subdivision (a).

[4]The People concede Davis is entitled to withdraw his guilty plea if this court finds his sentence was unauthorized by law.

conviction on the ground of ineffective assistance of counsel in the course of a current prosecution for a noncapital offense." Davis contends the trial court did not err because *Garcia* should not be applied retroactively to his case. We find *Garcia* should be applied retroactively, and therefore hold the trial court erred by striking the prior.

*Garcia* began by considering the effect of *Custis* v. *United States* (1994) 511 U.S. 485 [114 S.Ct. 1732, 128 L.Ed.2d 517], which had held ". . . a criminal defendant may not challenge a prior conviction on the ground of ineffective assistance of counsel in the course of a current prosecution for a noncapital offense."[5] (*Garcia* v. *Superior Court, supra,* 14 Cal.4th at p. 956.) *Custis* had concluded there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence, except on the ground the prior conviction had been suffered in violation of the right to appointed counsel as established in *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733]. Following *Custis, Garcia* held, "[I]n the case at bar, petitioner has no federal constitutional right to challenge his prior conviction on ineffectiveness-of-counsel grounds." (14 Cal.4th at p. 963.)

*Garcia* then reasoned neither the state Constitution, nor prior California case law, nor the interests of efficient judicial administration entitled petitioner to mount such a collateral attack. Noting its "previous decisions authorizing such motions to strike [prior conviction allegations on constitutional grounds other than *Gideon* error] have not been based upon state constitutional grounds," *Garcia* concluded, "Nothing in the language of our state Constitution, or in our past decisions construing its provisions, presents a 'cogent reason' for us to reach an interpretation of our state constitutional requirements different from that under the federal Constitution, as determined in *Custis*. (See *Raven* v. *Deukmejian* (1990) 52 Cal.3d 336, 353 . . . [' "cogent reasons must exist before a state court in construing a provision of the state Constitution will depart from the construction placed by the Supreme Court of the United States on a similar provision in the federal Constitution" '].)" (*Garcia* v. *Superior Court, supra,* 14 Cal.4th at p. 963.) Furthermore, ". . . the effective administration of criminal justice would not be furthered, but rather would face serious disruption, if—in the course of the proceedings related to a current offense—the trial court were required to entertain and adjudicate an attack on the validity of a challenged prior

---

[5]*People* v. *Horton* (1995) 11 Cal.4th 1068, 1134-1135 [47 Cal.Rptr.2d 516, 906 P.2d 478], had previously held that, notwithstanding *Custis,* a defendant charged with a capital offense could collaterally challenge a prior alleged as the basis for the special circumstance allegation.

conviction based upon a claim of ineffective assistance of counsel." (*Id.*, at p. 964.)

Accordingly, *Garcia* held, "[T]he trial court properly refused to entertain petitioner's motion seeking to strike a prior conviction allegation on the ground of ineffective assistance of counsel in the prior proceeding, and . . . the Court of Appeal erred in directing the trial court to entertain the motion." (*Garcia* v. *Superior Court*, *supra*, 14 Cal.4th at p. 956.)

In support of his claim *Garcia* should not be applied retroactively, Davis relies primarily on *People* v. *Short*█ (Cal.App.). However, *Short* was depublished by the Supreme Court on May 21, 1997, after Davis's appellate brief was filed.

Support for applying *Garcia* retroactively comes from two places. First, *Garcia* itself applied its holding retroactively to the defendant in that case. (*Garcia* v. *Superior Court*, *supra*, 14 Cal.4th at p. 966 ["[W]e conclude that petitioner was not entitled to raise this constitutional attack upon his prior conviction by way of a motion to strike in the current proceeding. Accordingly, the trial court properly refused to entertain the motion to strike."].) Second, the federal circuit courts reaching the issue have held *Custis* itself was retroactive. (*U.S.* v. *Ricardo* (9th Cir. 1996) 78 F.3d 1411, 1412; *U.S.* v. *Burnom* (7th Cir. 1994) 27 F.3d 283, 284-285.) *Ricardo* found no due process problem because "*Custis* does not expand the scope of criminal liability. Instead, it merely restricts the avenues a defendant may pursue to prevent enhancement of a sentence . . . based on extant prior convictions, once criminal liability is no longer an issue." (*U.S.* v. *Ricardo*, *supra*, 78 F.3d at p. 1416.)[6]

In addition, precluding Davis from challenging the prior in this forum does not foreclose his pursuit of other remedies. *Garcia* indicated the proper

---

[6]Davis relies on *People* v. *McDaniel* (1976) 16 Cal.3d 156, 165-166 [127 Cal.Rptr. 467, 545 P.2d 843], which set forth a balancing test for deciding such retroactivity questions. However, *McDaniel* culled its balancing factors from United States Supreme Court decisions setting forth the rules governing when that court's constitutional decisions must be given retroactive application (*id.*, at p. 166), and *Griffith* v. *Kentucky* (1987) 479 U.S. 314, 328 [107 S.Ct. 708, 716, 93 L.Ed.2d 649], subsequently held, "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Our Supreme Court has relied on *Griffith* to apply new rules of criminal procedure, founded on federal constitutional grounds, retroactively to cases pending on direct review. (See *People* v. *Ashmus* (1991) 54 Cal.3d 932, 991 [2 Cal.Rptr.2d 112, 820 P.2d 214] [re federal decision allowing evidence and argument about victim's personal characteristics and emotional impact on victim's family]; cf. *People* v. *Murtishaw* (1989) 48 Cal.3d 1001, 1013 [258 Cal.Rptr. 821, 773 P.2d 172] [*Griffith* inapplicable to "rules of criminal procedure derived solely from state law"].) *McDaniel*'s criteria for retroactivity have since been held to

method of challenging prior conviction allegations is by a two-step process involving, first, a challenge to the validity of the prior, and then a correction of the sentence enhanced by that prior. *Garcia* explained *Custis* "explicitly recognized . . . that Custis could attack his state sentences in the states in which they had been rendered or by federal habeas corpus review, and, if there successful, he then could apply to reopen any federal sentence enhanced by the state convictions. [Citation.]" (*Garcia* v. *Superior Court, supra,* 14 Cal.4th at p. 962.) *Garcia* went on to say, "If a defendant successfully challenges a prior conviction in [a court of appropriate jurisdiction], and that conviction is vacated or set aside, . . . the conviction no longer constitutes a proper basis for increased punishment for a subsequent offense under a recidivist offender sentencing statute. A defendant accordingly may obtain a reduction of a sentence that was imposed on the basis of that prior invalid conviction. [Citation.]" (*Id.,* at p. 966.)[7]

Because the trial court erred by granting Davis's motion to strike, the judgment is reversed and the case is remanded. Davis, if he so chooses, may withdraw both his plea of guilty and his admission of the prior conviction allegation.

### 2. *Prior serious felony conviction enhancement.*

The People contend the trial court erred by not imposing, in addition to the 12-year term, a 5-year prior serious felony conviction enhancement under section 667, subdivision (a). However, there is no reason for us to reach this issue. The People acknowledge they are not suggesting we "correct the sentencing error and impose the five-year enhancement without remanding the case to the trial court. Rather, because the defendant's guilty plea was conditioned upon the outcome of this appeal, the People have requested that the case be remanded. If this court agrees with the People that the trial court erred in striking one of the serious felony convictions, then pursuant to the plea agreement, Davis should be permitted to withdraw his plea, and proceed to trial." We shall order this relief.

---

apply only to "new rules" of criminal procedure founded on state constitutional, common law or statutory grounds. (*People* v. *Murtishaw, supra,* at p. 1013; see also *Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 297-300 [279 Cal.Rptr. 592, 807 P.2d 434] [those Prop. 115 provisions changing legal consequences of criminal behavior are prospective only, while those affecting conduct of criminal trials apply to pending cases].)

[7]As an alternative argument, Davis asserts even if we conclude *Garcia* is retroactive, we should reject the People's appeal because the trial court's decision to strike the prior will be binding if Davis subsequently challenges the prior in a court of appropriate jurisdiction. But, Davis does not cite any authority in support of this assertion and it is not persuasive. If *Garcia* is retroactive, the trial court lacked jurisdiction to entertain Davis's collateral attack and, therefore, the trial court's decision to strike cannot have any future effect.

## DISPOSITION

Davis's guilty plea and his admission of the prior conviction allegation are vacated. This case is reversed and remanded to the trial court for further proceedings in accordance with this opinion.

Croskey, J., and Kitching, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 10, 1997. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.