89 Cal.Rptr.2d 613 (2000)
75 Cal.App.4th 1002
The PEOPLE, Plaintiff and Respondent,
v.
Donald J. GREEN, Defendant and Appellant.
No. F029122.
Court of Appeal, Fifth District.
October 21, 1999.
Review Granted February 16, 2000.
Catherine Aragon, Tempe, AZ, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George H. Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Margaret Venturi and Susan J. Orton, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
DIBIASO, Acting P.J.
The trial court denied appellant's motion to strike his prior Texas murder conviction. Applying People v. Allen (1999) 21 Cal.4th 424, 87 Cal.Rptr.2d 682, 981 P.2d 525, we hold a defendant may not challenge a prior out of state conviction on Boykin/Tahl[1] grounds in the absence of evidence that the convicting jurisdiction required Tahl-like procedural formalities.

STATEMENT OF THE CASE
On April 29, 1996, appellant Donald J. Green was charged by information filed in Stanislaus County Superior Court with a violation of Vehicle Code section 20001 (failure to stop at the scene of an accident resulting in injury or death). The information further alleged pursuant to Penal Code section 12022.7 that, during the commission of the offense, appellant inflicted great bodily injury. In addition, the information alleged appellant had suffered a 1978 serious felony conviction for murder in the state of Texas, within the meaning of section 667, subdivision (d) and section 1192.7, subdivision (c).
*614 On June 21, 1996, appellant's motion to strike the great bodily injury allegation was granted. On May 2, 1997, appellant's motion to strike the prior felony conviction on the ground it was obtained in violation of Boykin/Tahl was heard and denied. Thereafter, appellant admitted the prior conviction allegation and the matter proceeded to jury trial on the charged offense. The jury returned with its verdict of guilty on May 9, 1997. Appellant was sentenced on July 24, 1997, to a total term of four years (the midterm doubled) in state prison.

STATEMENT OF FACTS

Charged Offense:
The facts of the charged offense are not at issue on appeal. In brief, on February 25, 1996, appellant, while driving his truck in Riverbank, California, struck a 75-year-old pedestrian. The pedestrian later died from his injuries. Appellant failed to stop, although he heard a "thump." According to witnesses, appellant drove into a nearby minimart and through an alley back to the scene, paused briefly while others attended to the victim, and then drove off. Appellant claimed he returned to the scene after hearing the "thump" in an attempt to see if he had hit someone, but saw nothing.

Prior Conviction:
In 1978, when appellant was 17 years old, he entered a plea of guilty to the murder of Larry Walker. Walker was stabbed to death during a gathering in a trailer house. Appellant and Walker had been socializing with friends and both had been drinking. Earlier, the two had exchanged "words." Appellant was very angry with, Walker, although the reason is not disclosed in the record. Walker was extremely intoxicated, to the point where he could not defend himself, when he was killed. There were several eyewitnesses to the murder. Appellant left the scene and was picked up by law enforcement shortly thereafter. He had blood all over him and carried a buck knife, which later proved to be the murder weapon.
Appellant was represented in the Texas proceeding by counsel who, in a declaration filed in this case by the People in response to the motion to strike, stated that appellant had been advised of his constitutional rights. Appellant entered a plea of guilty and then, according to Texas procedure, the case was submitted to the jury for the purpose of imposing a penalty. The jury heard the testimony of the witnesses and other evidence before settling on a term of 60 years. The reporter's transcript of the plea proceeding does not show that the Texas trial court obtained on the record knowing and intelligent waivers from appellant of the constitutional rights enumerated and required in California by In re Tahl, supra, 1 Cal.3d 122, 81 Cal. Rptr. 577, 460 P.2d 449.

DISCUSSION
Appellant raises a single challenge to his conviction. He claims the motion to strike the prior conviction should have been granted because the Texas conviction is constitutionally infirm. Respondent argues this issue is not cognizable on appeal because a defendant may not collaterally attack a prior conviction used as a sentence enhancement. Respondent contends People v. Sumstine (1984) 36 Cal.3d 909, 206 Cal.Rptr. 707, 687 P.2d 904 (Sumstine) which allowed such attacks on prior convictions, is no longer viable given recent decisions by both the California Supreme Court and the United States Supreme Court. During the pendency of this action the California Supreme Court decided the issue in People v. Allen, supra, 21 Cal.4th 424, 87 Cal.Rptr.2d 682, 981 P.2d 525.
A brief background is helpful. In Boykin v. Alabama, supra, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (Boykin), the United States Supreme Court determined that a defendant who pled guilty could attack his conviction on the ground the record did not affirmatively establish a *615 knowing and intelligent waiver of certain constitutional rightsthe right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. (Id. at pp. 243-244, 89 S.Ct. 1709.) Just months later, the California Supreme Court addressed the same issue in In re Tahl, supra, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449 (Tahl). Again, the defendant alleged his guilty plea was not made voluntarily or with a complete understanding of its consequences. The Tahl court, bound by Boykin, set forth the additional requirement that the record clearly state that the defendant specifically and expressly waived each of the three enumerated constitutional rights. (Id. at p. 132, 81 Cal.Rptr. 577, 460 P.2d 449.)
In Sumstine, supra, 36 Cal.3d 909, 206 Cal.Rptr. 707, 687 P.2d 904, the California Supreme Court considered whether a defendant, whose sentence was subject to enhancement by a prior conviction, was permitted to attack collaterally the validity of that conviction on Boykin/Tahl grounds. The court answered affirmatively, deciding that a defendant could challenge a prior conviction on any constitutional ground, including a Boykin/Tahl violation.
"When a defendant has made allegations sufficient to justify a hearing, the court must conduct an evidentiary hearing in the fashion set forth in [People v.] Coffey [(1967) 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15 (Coffey)]: `[T]he prosecutor shall first have the burden of producing evidence of the prior conviction sufficient to justify a finding that defendant "has suffered such previous conviction." (Pen.Code, § 1025.) ... [W]hen this prima facie showing has been made, the defendant shall thereupon have the burden of producing evidence that his constitutional [Boykin/Tahl rights were] infringed in the prior proceeding at issue.... [I]f defendant bears this burden, the prosecution shall have the right to produce evidence in rebuttal'..." (Sumstine, supra, 36 Cal.3d at p. 923, 206 Cal.Rptr. 707, 687 P.2d 904.)
The application of Boykin to prior convictions under federal law arose in Custis v. United States (1994) 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (Custis). There, Custis unsuccessfully challenged the validity of his prior state conviction on the ground he had been denied effective assistance of counsel. The court concluded that a defendant may not collaterally attack the validity of a prior conviction on any ground except a denial of the right to counsel under Gideon v. Wainwright (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
"We think that since the decision in Johnson v. Zerbst [(1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461] more than a half century ago, ... there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect. Custis attacks his previous convictions claiming the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a `stipulated facts' trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all. [Citation.]
"Ease of administration also supports the distinction. As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any one of the 50 states.
"The interest in promoting the finality of judgments provides additional support for our constitutional conclusion.... [This principle] bear[s] extra *616 weight in cases in which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, `the concern with finality served by the limitation on collateral attack has special force.' [Citation.]" (Custis, supra, 511 U.S. at pp. 496-497, 114 S.Ct. 1732.)
Three years later, in Garcia v. Superior Court (1997) 14 Cal.4th 953, 59 Cal.Rptr.2d 858, 928 P.2d 572 (Garcia), the California Supreme Court dealt with the same issue as a matter of state law. Like Custis, Garcia disputed his prior conviction because he claimed he had been denied effective assistance of counsel in the proceeding. The court rejected the argument, stating in relevant part that "[n]othing in the language of our state Constitution, or in our past decisions construing its provisions, presents a `cogent reason' for us to reach an interpretation of our state constitutional requirements different from that under the federal Constitution, as determined in Custis." (Id. at p. 963, 59 Cal. Rptr.2d 858, 928 P.2d 572.) The court distinguished Sumstine because it did not involve a challenge to a prior conviction based upon purported ineffective assistance of counsel. The court articulated a number of policy considerations to support its decision: "Such a claim [of ineffective assistance of counsel] often will necessitate a factual investigation with regard to counsel's actions, omissions, and strategic decisions, requiring the parties and the court to reconstruct events possibly remote in time, and to scour potentially voluminous records, substantially delaying the proceedings related to the current offense...." (Id. at p. 965, 206 Cal.Rptr. 707, 687 P.2d 904.)
Many have argued that Garcia implicitly overruled Sumstine. Others have taken a contrary position. The State Supreme Court's recent decision in Allen ended the debate. According to the Supreme Court, Sumstine
"... permits a criminal defendant to challenge the validity, in his present trial, of a prior felony conviction on Boykin-Tahl grounds. Although to enhance a criminal defendant's sentence with a prior conviction that was itself obtained in violation of the Constitution is unconstitutional (Burgett v. Texas [(1967)] 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319), it is not unconstitutionalwith the exception of denial of counsel claimsto require a defendant to litigate the validity of the prior conviction in a separate proceeding, such as on habeas corpus. (Custis, supra, 511 U.S. at p. 497 [114 S.Ct. 1732]; Garcia, supra, 14 Cal.4th at p. 966 [59 Cal.Rptr.2d 858, 928 P.2d 572].) Our decision in Sumstine thus was not based on constitutional imperatives, but on the policy judgment, first announced in Coffey [(1967) 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15], that `it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity, and we are therefore of the view that, if the issue is properly raised at or prior to trial, it must be determined by the trial court.' (Id. at p. 215 [60 Cal.Rptr. 457, 430 P.2d 15], italics added.) We not only reaffirmed that policy decision in Sumstine, supra, 36 Cal.3d at page 920, 206 Cal.Rptr. 707, 687 P.2d 904, we again did so in Curl [v. Superior Court (1990) 51 Cal.3d 1292, 1302, 276 Cal.Rptr. 49, 801 P.2d 292].)" (People v. Allen, supra, 21 Cal.4th at p. 435, 87 Cal.Rptr.2d 682, 981 P.2d 525.)
Thus, according to the Supreme Court, the requirement for an express waiver of the enumerated constitutional rights established by Tahl and the procedure for proving an invalid prior conviction announced in Sumstine serve to encourage the earliest possible review of constitutional challenges and eliminate the need for lengthy evidentiary hearings, and their concomitant delays, during trial of the current offense. (People v. Allen, supra, 21 Cal.4th at pp. 429-430, 87 Cal.Rptr.2d 682, 981 P.2d 525). The premise in Allen is *617 that, after November 7, 1969, the date Tahl was decided, evidence of a knowing and intelligent waiver of the enumerated constitutional rights will appear on the record in all California trials and the existence of such a record will eliminate the need for a protracted inquiry into the voluntariness of the plea on which the prior conviction rests. (Id. at p. 438, 87 Cal. Rptr.2d 682, 981 P.2d 525.) The expectation that evidence of the waivers will show on the record is an important prong of the court's reasoning, so much so that Allen limits the application of Sumstine to post-Tahl guilty pleas:
"For pre-Tahl guilty pleas, we cannot expect the record clearly or succinctly to demonstrate whether or not the defendant was aware of his constitutional rights before pleading. For such cases, the determination of the voluntariness of the defendant's plea, untethered to anything in the existing record, would be an onerous task requiring resort to much evidence outside the trial record. The disruption of the trial caused by having to determine the voluntariness of a pre-Tahl guilty plea would be similar to that caused by having to determine whether prior counsel was constitutionally ineffective. As in Garcia, supra, 14 Cal.4th 953, 59 Cal.Rptr.2d 858, 928 P.2d 572, we find that permitting defendants to raise challenges to pre-Tahl prior convictions will be judicially inefficient and will saddle the trial courts with an unreasonable burden. Accordingly, we conclude that motions to strike prior felony convictions on Boykin-Tahl grounds are limited to post-Tahl guilty pleas." (People v. Allen, supra, 21 Cal.4th at p. 443, 87 Cal.Rptr.2d 682, 981 P.2d 525.)[2]
This case cannot accurately be characterized as either a pre- or post-Tahl case because it involves a conviction in the state of Texas, a jurisdiction not bound by Tahl. Therefore, we do not expect evidence pertinent to the concerns addressed in Boykin/Tahl to appear on the face of the Texas record, even though the conviction was entered after the magical date of November 7, 1969.
Where does this leave this defendant? The question remains unanswered by the majority in Allen. We therefore adopt the reasoning of Justice Baxter's concurring opinion in Allen, where he addresses prior out of state convictions. Justice Baxter states in pertinent part:
"The majority acknowledge that the Sumstine rule, as applied to Boykin-Tahl issues, is tolerable only insofar as we can expect the record of the challenged prior guilty plea readily to show, on its face, that the defendant knew and waived his rights. For this reason, only priors governed by Tahl's requirement of express admonitions and waivers may be the subject of a Sumstine motion. Just as this principle eliminates Boykin-Tahl challenges to California priors that predate Tahl, so must Boykin-Tahl challenges to non-California priors be excluded, except where it appears beyond doubt that the guilty pleas underlying such convictions were subject, under the law of the convicting jurisdictions, to Tahl-like procedural formalities." (People v. Allen, supra, 21 Cal.4th at p. 447, 87 Cal.Rptr.2d 682, 981 P.2d 525, cone. opn. of Baxter, J., joined by Chin, J., and Brown, J.)
We conclude that, in the absence of the expectation that the advisements and waivers *618 of constitutional rights will appear on the face of the record, determination of the voluntariness of an out of state plea would be an onerous task and place an unreasonable burden on the trial courts.[3] Allowing a defendant to challenge a plea based on an out of state conviction not entered under Tahl-like protections is judicially inefficient and will saddle the California trial courts with obligations not required by either the federal or state constitutions. Consequently, a defendant may not challenge such a conviction unless there is evidence that Tahl-like requirements operated in the jurisdiction at the time of the plea.
There is nothing in the record to indicate Texas required Tahl-like admonishments when appellant's plea was taken. Therefore, the trial court did not err in denying appellant's challenge to the constitutionality of his 1978 Texas conviction for murder.

DISPOSITION
The judgment is affirmed.
HARRIS, J., and WISEMAN, J., concur.
NOTES
[1] Boykin v. Alabama (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 and In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449.
[2] Defendants faced with post-Tahl record proof of express advisements and waivers are unlikely to articulate a viable challenge to the prior conviction on Boykin/Tahl grounds. If the post-Tahl record either is not conclusive about whether the waivers were taken or affirmatively establishes that they were not taken, the prior is not automatically stricken. (People v. Howard (1992) 1 Cal.4th 1132, 5 Cal.Rptr.2d 268, 824 P.2d 1315.) This principle was reaffirmed in Allen. (People v. Allen, supra, 21 Cal.4th at p. 437, 87 Cal.Rptr.2d 682, 981 P.2d 525.) Instead, the trial court must decide whether the admission of the prior conviction was voluntary and intelligent under the totality of the circumstances. Does this not require an evidentiary hearing of the sort declared "unduly burdensome" in Allen?
[3] In addition to the concerns of possible lengthy delays caused while evidence and witnesses are procured to prove the invalidity of a prior out of state conviction, it is obvious that, in order to evaluate the evidence presented, California trial courts will be required to acquaint themselves with the law of criminal procedure operative in any one of the other 49 states. This case provides a perfect example. Here the trial court was asked to consider Texas statutes and rules of procedure and the declaration of a Texas attorney about how these rules affected the proceedings leading to the prior conviction. In addition, the trial court was asked to draw certain inferences from the Texas jury's finding under a sentencing procedure which has no counterpart in California.