Filed 3/19/13  P. v. Rodriguez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B242576 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA095069) |
| v. | |
| FRANCISCO JAVIER RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tia Fisher, Judge.  Remanded with directions.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pursuant to a case settlement offered by the prosecution, defendant and appellant Francisco Javier Rodriguez entered a plea of no contest to a charge of making a criminal threat, in violation of Penal Code section 422[1] and admitted the offense was committed for the benefit of a street gang within the meaning of section 182.22, subdivision (b)(1)(B). Defendant's motion to withdraw his plea was denied. Defendant was sentenced to the low term of 16 months in state prison for the criminal threat charge. Pursuant to the case settlement agreement, the trial court "stayed" the section 186.22 enhancement.

We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief raising no issues but asked this court to independently review the appellate record for arguable contentions under *People v. Wende* (1979) 25 Cal.4th 436. Defendant was advised of his right to file a supplemental brief. No brief has been received from defendant. Our independent review of the record revealed that the trial court imposed a sentence not authorized by law by staying the section 186.22 gang enhancement.

## FACTS

According to the preliminary hearing transcript, on July 30, 2011, Albert Sanchez was in a restaurant to pick up an order of pizza. Defendant was part of a group of eight to ten who gave Sanchez "a couple [of] good stare downs." Defendant approached Sanchez three times, aggressively telling Sanchez this was his neighborhood and mentioning his gang. Sanchez feared that a fight was going to occur and was concerned for his safety and the safety of his three children. Police were called due to the threat of violence. A detective testified defendant is a gang member and expressed the opinion that the offense of making a criminal threat was for the purpose of benefiting a criminal street gang.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

# DISCUSSION

Our independent review of the record revealed that the offer from the district attorney to defendant, which included a "stay" of the gang enhancement, resulted in an unauthorized sentence.

Section 186.22, subdivision (b)(1)(B) provides that any person who is convicted of a serious felony (§ 1192.7) "committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished . . . by an additional term of five years." Section 422 is a serious felony. (§ 1192.7, subd. (c)(38).)

The gang enhancement "shall" be imposed unless stricken by the trial court, in which case the court must make an oral statement that is entered in the minutes of the court reflecting "that the interests of justice would best be served by that disposition." (§ 186.22, subd. (g).) Here, the court read the relevant portions of the statute into the record and stated it would impose the judgment as offered by the district attorney, but if defendant were to merely plead open to the charges to the court, "it would be pretty darn unlikely" that the court would exercise its "very limited discretion" to strike the gang enhancement because defendant had recently suffered a misdemeanor conviction on a "gun charge." Defendant then entered his guilty plea and admission, which was accepted by the court. The court imposed the low term 16-month sentence and stayed the gang enhancement.

We requested the parties to brief whether the sentence imposed was unauthorized, and if so, what remedy applies. Defendant and the Attorney General agree the trial court imposed an unauthorized sentence.

Section 186.22, subdivision (g) does not provide the trial court with authority to stay the gang enhancement. The enhancement must either be imposed or stricken.

"'The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction' (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391), even if the correction results in a harsher punishment (*People v. Serrato* (1973) 9 Cal.3d 753, 764, disapproved on another point in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; *In re Ricky H.* (1981) 30 Cal.3d 176, 191; *People v. Solórzano* (2007) 153 Cal.App.4th 1026, 1040–1041)." (*In re Renfrow* (2008) 164 Cal.App.4th 1251, 1254-1255.) "Since defendant pleaded guilty with the understanding" the gang enhancement would be stayed, "he must be given the opportunity to withdraw his guilty plea, if he chooses to do so." (*People v. Ramirez* (2005) 33 Cal.App.4th 559, 574-575; *People v. Davis* (1997) 57 Cal.App.4th 1404, 1406, fn. 4 ["The People concede Davis is entitled to withdraw his guilty plea if this court finds his sentence was unauthorized by law."]; *People v. Baries* (1989) 209 Cal.App.3d 313, 319.)

Defendant agrees this is the appropriate disposition of this appeal. Our independent review of the record reveals no other arguable appellate contentions.

## DISPOSITION

The cause is remanded to the trial court, with directions to either impose or strike the enhancement under section 186.22, subdivision (b)(1)(B). If the court imposes the enhancement, defendant shall be given the opportunity to withdraw his plea of no contest, if he so chooses. If the enhancement is stricken in compliance with section 186.22, subdivision (g), the judgment shall otherwise stand.


KRIEGLER, J.


We concur:


TURNER, P. J.                                      MOSK, J.


4