Filed 5/10/16  P. v. Lyons CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C077913 |
| Plaintiff and Respondent, | (Super. Ct. No. CH031643) |
| v. | |
| GARY BRUCE LYONS, JR., | |
| Defendant and Appellant. | |

An information charged defendant Gary Bruce Lyons, Jr., with conspiracy to bring a controlled substance into state prison, conspiracy to possess heroin, conspiracy to possess heroin for sale, and conspiracy to transport heroin.  The information further alleged a strike prior, a 2006 murder conviction.

After the court denied defendant's motion to strike his strike prior conviction, defendant entered a negotiated plea of guilty to conspiracy to possess heroin and admitted the strike prior in exchange for the mitigated term of 16 months, doubled for the strike

1

prior, and dismissal of the remaining counts. The court imposed a two-year-eight-month sentence to be served consecutive to defendant's current sentence.

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause. (Pen. Code, § 1237.5.)

Defendant contends his 2006 murder conviction was obtained in violation of his Sixth Amendment right to competent trial and appellate counsel.

Defendant's challenge is not cognizable on appeal for two reasons. In admitting the prior murder conviction, defendant admitted all matters essential to that conviction. Thus, his current collateral attack upon the validity of the 2006 conviction is not cognizable on appeal. (*People v. LaJocies* (1981) 119 Cal.App.3d 947, 956-957.) That the trial court issued a certificate of probable cause does not expand the issues that may be raised on appeal. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896; *People v. Turner* (1985) 171 Cal.App.3d 116, 124-125; *LaJocies,* at pp. 957-958.)

Further, *Garcia v. Superior Court* (1997) 14 Cal.4th 953 concluded that "a defendant whose sentence for a noncapital offense is subject to enhancement because of a prior conviction may not employ the current prosecution as a forum for challenging the validity of the prior conviction based upon alleged ineffective assistance of counsel in the prior proceeding." (*Id.* at p. 966.) Here, defendant's current prosecution for conspiracies related to controlled substances was not the forum in which to challenge the validity of his prior murder conviction based on ineffective assistance of counsel in the prior proceedings. His claim of error is not cognizable on appeal from the judgment in the current case. Defendant's request that this court reexamine *Garcia* is uninformed. We are bound by the decisions of our Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant has not raised any cognizable issues on appeal; thus, we will dismiss defendant's appeal.

DISPOSITION

The appeal is dismissed.

            <u>   HULL    </u>, J.

We concur:

<u>   BLEASE   </u>, Acting P. J.

<u>   MURRAY   </u>, J.