Filed 8/31/16  In re Acosta CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| In re REGINALDO J. ACOSTA | D069375 |
| on | (San Bernardino Super. Ct. No. FBA1200622) |
| Habeas Corpus. | |

ORIGINAL PROCEEDINGS in habeas corpus.  Alexander R. Martinez, Judge.

Relief granted.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant

and Appellant, Reginaldo J. Acosta, Jr.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Kristine A.

Gutierrez and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and

Respondent.

In May 2014, a jury convicted petitioner Reginaldo J. Acosta, Jr., of three counts of premeditated attempted murder (Pen. Code, §§ 187, subd. (a); 664),[1] one count of carjacking (§ 215, subd. (a)), two counts of kidnapping during carjacking (§ 209.5, subd. (a)), and one count of active participation in a criminal street gang (§ 186.22, subd. (a)). The jury found true several gang and firearms-related sentencing enhancements as to the attempted murder, carjacking, and kidnapping during carjacking counts. (§§ 186.22, subd. (b); 12022.53, subds. (b), (c), (d).)

The court found Acosta had suffered two prior serious or violent felony convictions under section 667, subdivision (d); two prior convictions under section 667, subdivision (a); and a prior prison term under section 667.5, subdivision (b). The court sentenced Acosta to an indeterminate term of 325 years to life in prison and a determinate term of 106 years.

Acosta appealed, raising various challenges to the judgment. (*People v. Guerrero et al.* (D069072).) We take judicial notice of the record and briefing in that appeal. After briefing was complete, Acosta filed the instant petition. Acosta alleges that during the appeal one of his prior serious or violent felony convictions was dismissed by the superior court that adjudicated that conviction. Acosta claims this dismissal requires the court's true finding that this conviction was a prior serious or violent felony conviction be reversed. The Attorney General concedes Acosta should be resentenced. We agree and grant relief.

_____

1    Further statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2011, the Los Angeles County District Attorney filed a felony complaint against Acosta. The felony complaint alleged, as its first count, a violation of former section 12025, subdivision (a)(1), which the complaint described as a felony.[2] The complaint also alleged, as part of the first count, that Acosta was "an active participant in a criminal street gang." The complaint alleged four additional substantive offenses. After the substantive offenses, the complaint alleged a gang enhancement under section 186.22, subdivision (b)(1)(A), as to each of the counts. Acosta pleaded guilty to the first count, violation of former section 12025, subdivision (a)(1). The court sentenced Acosta to 16 months in county jail and dismissed the remaining counts and allegations.

The trial court in the underlying proceedings here initially found this prior conviction did not qualify as a serious felony conviction. However, after the prosecution moved for reconsideration, the court determined it qualified as a prior serious felony conviction under section 667, subdivision (a), and a prior serious or violent felony conviction under section 667, subdivision (d). The court reasoned that Acosta's

---

[2]     Former section 12025 defined the offense of carrying a concealed firearm in subdivision (a)(1)-(3). Subdivision (b) of that statute prescribed various punishments under circumstances, including "[w]here the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22[.]" (Former § 12025, subd. (b)(3).) Under that circumstance, the offense was punishable as a felony. (*Ibid.*) If none of the specific circumstances enumerated in subdivision (b) applied, the offense was punishable "by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine." (Former § 12025, subd. (b)(7).)

conviction under former section 12025, subdivision (a)(1) was a felony, and Acosta's active participation in a criminal street gang provided the basis for the felony conviction under subdivision (b)(3) of that former section. The court therefore found the conviction was a serious felony under section 1192.7, subdivision (c)(28), which makes any felony offense a serious felony if the offense would also constitute a felony violation of section 186.22. Section 186.22 criminalizes active participation in a criminal street gang and provides for gang-related sentencing enhancements.

Over a year later, the Los Angeles County District Attorney reopened the proceedings that led to Acosta's 2011 conviction. The district attorney moved to amend the complaint to add a sixth count alleging a felony violation of former section 12031, subdivision (a)(1). This statute defined the offense of carrying a loaded firearm. Acosta pleaded no contest to that count, and the court found him guilty. Acosta then moved to withdraw his 2011 guilty plea. The district attorney did not oppose. The court granted Acosta's motion and dismissed the first count of the felony complaint, which formed the basis for Acosta's 2011 conviction. The court sentenced Acosta to 16 months in county jail on his new conviction under section 12031, subdivision (a)(1), with 16 months' custody credit.

Acosta filed the instant petition, claiming the change in his prior conviction required reversal of the trial court's finding that his 2011 conviction was a prior serious or violent felony conviction. In an informal response, the Attorney General stated, "[I]n light of the parties' recent plea agreement, [the Attorney General] agrees that the matter

4

should be remanded to the trial court for resentencing."  We issued an order to show cause, and these proceedings followed.

DISCUSSION

In general, the invalidation or dismissal of a prior conviction will require resentencing in a proceeding that relied on the prior conviction.  (See *Garcia v. Superior Court* (1997) 14 Cal.4th 953, 966 ["If a defendant successfully challenges a prior conviction in such a jurisdiction, and that conviction is vacated or set aside, however, the conviction no longer constitutes a proper basis for increased punishment for a subsequent offense under a recidivist offender sentencing statute.  A defendant accordingly may obtain a reduction of a sentence that was imposed on the basis of that prior invalid conviction."]; see also *People v. Davis* (1997) 57 Cal.App.4th 1404, 1409.)

The details of the recent proceedings to change Acosta's prior conviction are unknown given the limited record Acosta provides.  It appears undisputed, however, that those proceedings resulted in the dismissal of Acosta's conviction under former section 12025, subdivision (a)(1), and its replacement with a conviction under former section section 12031, subdivision (a)(1).  Because the trial court here relied on a conviction that has been dismissed, the court's true finding that that conviction was a prior serious or violent felony conviction must be vacated.  (See *Garcia v. Superior Court, supra*, 14 Cal.4th at p. 966; *People v. Davis, supra*, 57 Cal.App.4th at p. 1409.)

Acosta argues his new conviction under former section 12031, subdivision (a)(1), cannot constitute a prior serious felony under section under section 667, subdivision (a), or a prior serious or violent felony conviction under section 667, subdivision (d).  Based

5

on the limited record Acosta has provided, however, we cannot say whether Acosta's new conviction would fall within these provisions. If the People elect to retry the issue of Acosta's prior conviction, that determination will be for the superior court in the first instance.

DISPOSITION

The motion to consolidate is denied. The superior court's true finding that Acosta's 2011 conviction for violation of former Penal Code section 12025, subdivision (a)(1) was a prior serious or violent felony is vacated. Acosta's sentence is vacated as well. The superior court is directed to conduct further proceedings, including resentencing, consistent with this opinion.

McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


PRAGER, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.