Filed 4/12/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID BECHTOL, JR.,<br><br>        Defendant and Appellant. | A146680<br><br>(Sonoma County<br>Super. Ct. No. SCR-663130) |

In *Garcia v. Superior Court* (1997) 14 Cal.4th 953 (*Garcia*), the California Supreme Court determined that a criminal defendant could not move to strike a prior conviction, alleged as an enhancement in a pending proceeding, on the basis of ineffective assistance of counsel in the earlier case. Appellant David Bechtol, Jr., charged with two alcohol-related driving offenses within 10 years of a prior felony driving under the influence (DUI) conviction, argues Vehicle Code section 41403[1] permits him to move to strike his earlier felony conviction despite *Garcia*. We disagree and conclude that section 41403 does not independently authorize such challenges, but simply sets forth the procedural rules to be used for those challenges that are *otherwise* authorized.

BACKGROUND

In July 2015, appellant was charged with a DUI committed within 10 years of a prior felony DUI conviction (§§ 23152, subd. (a), 23550.5, subd. (a)), and driving with a blood alcohol content of more than .08 percent within 10 years of a prior felony DUI

---

[1] All undesignated section references are to the Vehicle Code.

conviction (§§ 23152, subd. (b), 23550.5, subd. (a)).[2] The information alleged appellant had been convicted of a felony DUI in 2006.

In August, appellant filed a section 41403 motion to strike his 2006 conviction as constitutionally invalid on the ground that he received ineffective assistance of counsel. The trial court denied the motion as unauthorized under section 41403 without making a finding on the merits of appellant's ineffective assistance claim. Appellant subsequently pled guilty. The trial court granted appellant's request for a certificate of probable cause on the denial of the section 41403 motion.

## DISCUSSION

Section 41403 sets forth detailed procedural rules for "any proceedings to have a judgment of conviction of a violation of Section 14601, 14601.1, 14601.2, 23152, or 23153, or Section 23103 as specified in Section 23103.5,[3] which was entered in a separate proceeding, declared invalid on constitutional grounds . . . ." (§ 41403, subd. (a).) First, "the defendant shall state in writing and with specificity wherein the defendant was deprived of the defendant's constitutional rights, which statement shall be filed with the clerk of the court and a copy served on the court that rendered that judgment and on the prosecuting attorney in the present proceedings at least five court days prior to the hearing thereon." (*Ibid.*) A hearing shall be held "outside of the presence of the jury." (§ 41403, subd. (b).) The statute then sets forth in detail the burdens of production and proof: "The prosecution shall initially have the burden of producing evidence of the separate conviction sufficient to justify a finding that the defendant has suffered that separate conviction"; "the defendant then has the burden of proof by a preponderance of the evidence that the defendant's constitutional rights were infringed in the separate proceeding at issue"; "[i]f the defendant bears this burden successfully, the prosecution shall have the right to produce evidence in rebuttal"; and the

---

[2] We omit additional allegations and the underlying facts, which are not relevant to this appeal.

[3] The enumerated offenses are for driving with a suspended or revoked license, DUI, and certain reckless driving convictions.

court "shall strike from the accusatory pleading any separate conviction found to be constitutionally invalid." (§ 41403, subd. (b)(1)–(4).)[4]

" 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] 'We

---

[4] In its entirety, section 41403 is as follows: "(a) In any proceedings to have a judgment of conviction of a violation of Section 14601, 14601.1, 14601.2, 23152, or 23153, or Section 23103 as specified in Section 23103.5, which was entered in a separate proceeding, declared invalid on constitutional grounds, the defendant shall state in writing and with specificity wherein the defendant was deprived of the defendant's constitutional rights, which statement shall be filed with the clerk of the court and a copy served on the court that rendered that judgment and on the prosecuting attorney in the present proceedings at least five court days prior to the hearing thereon. [¶] (b) Except as provided in subdivision (c), the court shall, prior to the trial of any pending criminal action against the defendant wherein the separate conviction is charged as such, hold a hearing, outside of the presence of the jury, in order to determine the constitutional validity of the charged separate conviction issue. At the hearing the procedure, the burden of proof, and the burden of producing evidence shall be as follows: [¶] (1) The prosecution shall initially have the burden of producing evidence of the separate conviction sufficient to justify a finding that the defendant has suffered that separate conviction. [¶] (2) After the production of evidence required by paragraph (1), the defendant then has the burden of proof by a preponderance of the evidence that the defendant's constitutional rights were infringed in the separate proceeding at issue. If the separate conviction sought to be invalidated is based upon a plea of guilty or nolo contendere, the defendant shall provide the court with evidence of the prior plea, including the court docket, written waivers of constitutional rights executed by the defendant, and transcripts of the relevant court proceedings at the time of the entry of the defendant's plea. These records shall be provided to the defendant without cost to him or her, when the defendant is represented by the public defender or counsel appointed pursuant to Section 987.2 of the Penal Code. [¶] (3) If the defendant bears this burden successfully, the prosecution shall have the right to produce evidence in rebuttal. [¶] (4) The court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any separate conviction found to be constitutionally invalid. [¶] (c) If the defendant fails to comply with the notice requirement of subdivision (a) or fails to produce the evidence required by paragraph (2) of subdivision (b), the court shall hear the motion at the time of sentencing in lieu of continuing the trial, unless good cause is shown for failure to provide notice pursuant to subdivision (a) or produce the evidence required by paragraph (2) of subdivision (b), in which case the court shall grant a continuance of the trial for a reasonable period. The procedure, burden of proof, and burden of producing evidence as provided in subdivision (b) shall apply regardless of when the motion is heard."

3

begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent.' [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.] If, however, 'the statutory language may reasonably be given more than one interpretation, " ' "courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute." ' " ' " (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)

As appellant argues, the language of the statute itself does not limit the nature of the constitutional challenges which can be adjudicated by its procedures. However, section 41403's opening phrase—"In *any proceedings* to have a judgment of conviction of [certain violations], which was entered in a separate proceeding, declared invalid on constitutional grounds" (italics added)—suggests the authority to bring such challenges derives from elsewhere. (Cf. Pen. Code, § 1473, subd. (a) ["A person unlawfully imprisoned or restrained of his or her liberty, under any pretense, may prosecute a writ of habeas corpus to inquire into the cause of his or her imprisonment or restraint."].) We find the statutory language ambiguous regarding whether it independently authorizes these challenges, or merely sets forth the procedural framework to be used if they are otherwise authorized.[5]

The authority to challenge prior convictions in a subsequent prosecution began prior to the enactment of section 41403.[6] In *People v. Coffey* (1967) 67 Cal.2d 204 (*Coffey*), the defendant moved to strike an allegation that he suffered a prior felony

___

[5] Appellant points to language obligating the trial court to "strike from the accusatory pleading any separate conviction found to be constitutionally invalid." (§ 41403, subd. (b)(4).) However, this provision appears to simply be part of the procedural framework to be followed in "any proceedings" challenging a prior conviction under this statute, and therefore does not remove the ambiguity.

[6] Section 41403 was initially enacted in 1973 as section 23102.2. (Stats. 1973, ch. 1128, § 4, p. 2296.)

4

conviction, arguing the prior conviction was constitutionally invalid because he had not been represented by counsel and had not waived his right to counsel. (*Id.* at p. 210.) The trial court denied the motion as unauthorized under California law. (*Id.* at p. 211.) The California Supreme Court reversed, noting "to the extent that statutory machinery relating to penal status or severity of sanction is activated by the presence of prior convictions, it is imperative that the constitutional basis of such convictions be examined if challenged by proper allegations." (*Id.* at pp. 214–215.) The court continued: "Though these principles were first given application in a series of cases involving collateral attacks on final judgments [citations], it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity, and we are therefore of the view that, if the issue is properly raised at or prior to trial, it must be determined by the trial court." (*Id.* at p. 215.) As explained in a subsequent California Supreme Court opinion, "*Coffey* authorized defendants to institute in their current trial a collateral attack on a prior felony conviction, which previously had been permissible only by filing a petition for a writ of habeas corpus. . . . In today's parlance, we would characterize the rule as a judicially established rule of criminal procedure." (*People v. Allen* (1999) 21 Cal.4th 424, 430 (*Allen*).)

After establishing this judicial rule of procedure authorizing challenges to a prior conviction in a subsequent prosecution, *Coffey* proceeded to "delineate the nature of the contemplated hearing . . . for the guidance of courts and counsel who will be called upon to deal with similar matters in the future." (*Coffey, supra,* 67 Cal.2d at p. 217.) The court set forth in detail the mechanics of the hearings: "*First*, when a defendant, whether by motion to strike the prior conviction or convictions on constitutional grounds, or by denial of such prior conviction or convictions on constitutional grounds at the time of entering his plea to the same, raises the issue for determination, the court shall, prior to trial, hold a hearing outside the presence of the jury in order to determine the constitutional validity of the charged prior or priors in issue. *Second*, in the course of such hearing the prosecutor shall first have the burden of producing evidence of the prior conviction sufficient to justify a finding that defendant 'has suffered such previous

5

conviction.' (Pen. Code, § 1025.) *Third*, when this prima facie showing has been made, the defendant shall thereupon have the burden of producing evidence that his constitutional right to counsel was infringed in the prior proceeding at issue. *Fourth*, if defendant bears this burden, the prosecution shall have the right to produce evidence in rebuttal. *Fifth*, the court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any prior conviction found to be constitutionally invalid." (*Id.* at pp. 217–218, fn. omitted.) This description of the procedural framework governing constitutional challenges to prior convictions in subsequent prosecutions may sound familiar–it was codified six years later when the Legislature enacted the predecessor to section 41403.

Following that enactment, subsequent cases clarified or modified the authority, established in *Coffey,* to collaterally attack a prior conviction in a subsequent prosecution. In one such case, *Garcia, supra,* 14 Cal.4th 953, the defendant sought to challenge, by a pretrial motion to strike, an allegation that he had a prior serious felony conviction for residential burglary on the ground that he had received ineffective assistance of counsel. (*Id.* at pp. 956–957.) *Garcia* discussed a United States Supreme Court case holding "a defendant has no right under the federal Constitution to challenge the constitutional validity of a prior conviction in proceedings involving a subsequent offense, except upon the ground of *Gideon*[7] error." (*Id.* at p. 963 [discussing *Custis v. United States* (1994) 511 U.S. 485].) *Garcia* continued, "[n]othing in the language of our state Constitution, or in our past decisions construing its provisions, presents a 'cogent reason' for us to reach an interpretation of our state constitutional requirements different from that under the federal Constitution." (*Ibid.*) This left the question of "whether, as urged by petitioner and amici curiae, the interest of efficient judicial administration, or some other policy consideration, supports a judicially established rule of procedure permitting a defendant who faces greater punishment for a current offense because of a prior conviction to challenge the validity of that prior on the ground that he or she was denied

---

[7] *Gideon v. Wainwright* (1963) 372 U.S. 335.

the effective assistance of counsel in the earlier proceeding." (*Id*. at p. 964.) The Supreme Court answered the question in the negative: "the effective administration of criminal justice would not be furthered, but rather would face serious disruption, if—in the course of the proceedings related to a current offense—the trial court were required to entertain and adjudicate an attack on the validity of a challenged prior conviction based upon a claim of ineffective assistance of counsel." (*Ibid.*)[8] *Garcia* concluded, "a defendant whose sentence for a noncapital offense is subject to enhancement because of a prior conviction may not employ the current prosecution as a forum for challenging the validity of the prior conviction based upon alleged ineffective assistance of counsel in the prior proceeding." (*Id.* at p. 966.)

*Garcia* did acknowledge section 41403, although the statute was not at issue in that case. *Garcia* noted, "the Legislature has not enacted a generally applicable statute authorizing or prescribing the procedure by which an individual may raise a collateral challenge to the constitutional validity of a prior conviction," adding in a footnote that section 41403 "sets forth a procedure for raising challenges to the constitutional validity of prior convictions based upon specified provisions of the Vehicle Code." (*Garcia,* 14 Cal.4th at p. 960 & fn. 2.) Appellant argues *Garcia* did not interpret section 41403 or state its holding applied to challenges brought under that statute. We agree that the

---

[8] As the Supreme Court explained: While *Gideon*-type error "generally may be readily determined with minimum disruption of the proceedings involved in the current offense," ineffective assistance claims "generally cannot be resolved based upon the appellate record—because the record alone will not shed light on the existence or nonexistence of a tactical basis for a defense attorney's course of conduct—and therefore more appropriately should be resolved on habeas corpus. [Citations.] Such a claim often will necessitate a factual investigation with regard to counsel's actions, omissions, and strategic decisions, requiring the parties and the court to reconstruct events possibly remote in time, and to scour potentially voluminous records, substantially delaying the proceedings related to the current offense. Conducting evidentiary hearings on these types of claims also would protract substantially the proceedings on the current offense." (*Garcia, supra,* 14 Cal.4th at pp. 964–965.)

7

significance of *Garcia's* cursory reference to section 41403 is unclear.[9]  However, we find relevant the Supreme Court's apparent distinction between statutes "*authorizing or prescribing* the procedure by which an individual may raise a collateral challenge to the constitutional validity of a prior conviction."  (*Garcia,* at p. 960, italics added.)  We construe this statement as a recognition that a statute could *authorize* a certain challenge—as *Coffey* "authorized defendants to institute in their current trial a collateral attack on a prior felony conviction" (*Allen, supra,* 21 Cal.4th at p. 430)—or it could *prescribe* the procedural rules applicable to such a challenge, such as the burdens of proof and production—as *Coffey* later prescribed "the nature of the contemplated hearing . . . for the guidance of courts and counsel" (*Coffey, supra,* 67 Cal.2d at p. 217).  (Compare 1 Oxford English Dict. (2d ed. 1989) p. 799 [defining "authorize" as "To give legal or formal warrant to (a person) *to do* something; to empower, permit authoritatively"], with 12 Oxford English Dict. (2d ed. 1989) p. 390 [defining "prescribe" as "To write or lay down as a rule or direction to be followed"].)

To determine whether section 41403 authorizes collateral attacks or simply prescribes the procedures to be followed if such attacks are otherwise authorized, we turn to its legislative history.  A digest appearing in the Senate Judiciary bill file identified one of the bill's purposes as to "[a]ccomplish more effective enforcement of drunk driving laws on second and subsequent offenses," and noted the bill's proponents contended that "since April 1969, approximately 25,000 prior convictions of drunk driving have been invalidated by the courts in cases where the defendant was before the court on a second or subsequent drunk driving charge."  (Sen. Com on Judiciary, Digest of Sen. Bill No.

---

[9] The People rely on the proposition that " ' "a general provision is controlled by one that is special, the latter being treated as an exception to the former" ' " (*Miller v. Superior Court* (1999) 21 Cal.4th 883, 895), and argue the general provision in section 41403 regarding constitutional challenges is controlled by *Garcia's* specific exclusion of ineffective assistance claims.  The principle relied on is one used to reconcile conflicting *statutes,* and does not assist our analysis.

1268 (1973–1974 Reg. Sess.) as introduced, p. 3.)[10] An enrolled bill report prepared for the Governor by the California Highway Patrol explained that, while the Legislature had previously imposed increased punishment for repeat DUI offenders, "[t]he courts have . . . on occasion seen fit to temper the law . . . by setting aside or vacating prior judgments and convictions. This was, in some instances, done intentionally to circumvent the jail sentence which would have caused the defendant to lose his job. [¶] This bill, . . . restrict[s] somewhat the judicial discretion in these matters . . . ." (Cal. Highway Patrol, Enrolled Bill Rep. on Sen. Bill No. 1268 (1973–1974 Reg. Sess.) Sept. 21, 1973, p. 2.)[11] This assessment is consistent with a legislative analysis prepared by the Department of Motor Vehicles and found in the Senate Judiciary Committee bill file, which stated the bill's provisions regarding striking prior convictions "provide[] an urgently needed remedy to problems attending indiscriminate practices which now thwart the intent of existing law." (Bus. & Transportation Agency, DMV, Analysis of Sen. Bill No. 1268 (1973–1974 Reg. Sess.) Jun. 19, 1973.)

These analyses indicate a legislative understanding that courts had been striking prior DUI convictions without proper cause to avoid imposing enhanced punishments for repeat offenders. By prescribing clear procedures for "any proceedings" to strike a prior

[10] The bill replaced a provision enacted four years after *Coffey* which provided a "motion to vacate or set aside a prior judgment of conviction of driving a motor vehicle while under the influence of intoxicating liquor made in a pending criminal proceeding in which the defendant is accused of having committed another such offense" shall be in writing and state "with particularity" its grounds, shall be supported by an affidavit from the defendant, and shall be served on the prosecutor before the hearing; and that the hearing shall be continued if the prosecutor shows it necessary to enable the prosecutor to prepare a response. (Stats. 1971, ch. 1371, § 1, p. 2694.)

[11] Appellant dismisses the use of an enrolled bill report as a source of legislative history. However, our Supreme Court " 'ha[s] routinely found enrolled bill reports, prepared by a responsible agency contemporaneous with passage and before signing, instructive on matters of legislative intent.' " (*In re Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1218, fn. 3.) "Although these reports certainly do not take precedence over more direct windows into legislative intent such as committee analyses, and cannot be used to alter the substance of legislation, they may be as here 'instructive' in filling out the picture of the Legislature's purpose." (*Ibid*.)

conviction on constitutional grounds, the Legislature intended to ensure that such claims were rigorously adjudicated and decided on the merits.[12]  There is no indication, however, that the Legislature intended the bill to independently authorize such challenges.  (See Legis. Counsel's Dig., Sen. Bill No. 1268 (1973–1974 Reg. Sess.) Stats. 1973, Summary Dig., pp. 177–178 [bill "[i]mposes specified requirements and provisions re burden of proof with respect to any proceeding to have a prior judgment of conviction of such offenses declared invalid on constitutional grounds"].)  *Coffey* already provided this authority and there is no suggestion of a legislative intent to codify or expand upon it; instead, the bill was intended to ensure that the authority was exercised properly.[13]

---

[12] This legislative intent is apparent in another amendment enacted by the same bill, adding the following provisions to two DUI statutes: "Except in unusual cases where the interests of justice demand an exception, the court shall not strike a prior conviction of an offense under this section for purposes of sentencing in order to avoid imposing as part of the sentence or term of probation the minimum time in confinement in the county jail and the minimum fine . . . . [¶] When such a prior conviction is stricken by the court for purposes of sentencing, the court shall specify the reason or reasons for such striking order. [¶] On appeal by the people from such an order striking such a prior conviction it shall be conclusively presumed that such order was made only for the reasons specified in such order and such order shall be reversed if there is no substantial basis in the record for any of such reasons." (Stats. 1973, ch. 1128, §§ 2 & 5, pp. 2295–2296, 2298 [former §§ 23102, subd. (g) & 23105, subd. (h)]; see also Legis. Counsel's Dig., Sen. Bill No. 1268 (1973–1974 Reg. Sess.) Stats. 1973, Summary Dig., p. 177.)

[13] While the Legislature borrowed heavily from *Coffey's* language in enacting section 41403's procedural rules, we note one difference.  *Coffey* provided the defendant has "the burden of producing evidence that his *constitutional right to counsel* was infringed in the prior proceeding at issue" (*Coffey,* 67 Cal.2d at p. 217, italics added); the Legislature changed this to "the burden of producing evidence that his *constitutional rights* were infringed in the prior proceeding at issue" (Stats. 1973, ch. 1128, § 4, p. 2296, italics added).  We do not construe this alteration as evidencing an intent to authorize collateral attacks on all constitutional grounds; instead, it ensures the procedural rules can accommodate any such challenges that are otherwise authorized.  For example, when our Supreme Court later held "that a defendant may move to strike a prior conviction on *Boykin/Tahl* grounds [*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122]" (*People v. Sumstine* (1984) 36 Cal.3d 909, 914), the procedural rules of section 41403 could be applied to this newly authorized challenge.

In sum, we conclude section 41403 does not authorize defendants to collaterally challenge the enumerated prior convictions in a subsequent prosecution.  Instead, it prescribes the procedures to be used for any such challenges that are otherwise authorized.  Because the only authority to bring such challenges is the judicial rule established in *Coffey*, which *Garcia* held did not extend to challenges based on ineffective assistance of counsel, the procedures set forth in section 41403 may not be used to collaterally attack a prior conviction on ineffective assistance grounds.

DISPOSITION

The judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

11

Superior Court of Sonoma County, No. SCR-663130, Hon. Gary A. Medvigy, Judge.

Paul F. DeMeester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share and Leif M. Dautch, Deputy Attorneys General, for Plaintiff and Respondent.